NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LNV CORPORATION, a Nevada corporation,<br><br>              Plaintiff-Appellee,<br><br>   v.<br><br>DENISE SUBRAMANIAM,<br><br>              Defendant-Appellant. | No. 15-35963<br><br>D.C. No. 3:14-cv-01836-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Denise Subramaniam appeals pro se from the district court's summary judgment in LNV Corporation's diversity action arising out of judicial foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Subramaniam failed to raise a genuine dispute of material fact as to whether LNV was not entitled to judicial foreclosure. *See* Or. Rev. Stat. §§ 73.0301, 86.710-86.715, *Brandrup v. ReconTrust Co., N.A.*, 303 P.3d 301, 315 (Or. 2013) (en banc) ("A trust deed follows the promissory note that it secures."); *Deutsche Bank Trust Co. Ams. v. Walmsley*, 374 P.3d 937, 940 (Or. Ct. App. 2016) (concluding plaintiff entitled to enforce a promissory note where plaintiff established "that it possessed the note at the time of the foreclosure action and that the note was indorsed to plaintiff.").

We reject as unsupported by the record Subramaniam's contention that the district court was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

All pending motions (Docket Entry Nos. 61, 66, 71, 73, 75, and 76) and requests (Docket Entry No. 67) are denied.

**AFFIRMED.**